Michael K. Friedland (SBN 157,217)
michael.friedland@knobbe.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Kent N. Shum (SBN 259,189)
kent.shum@knobbe.com
Samantha Y. Hsu (SBN 285,853)
samantha.hsu@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile:  (949) 760-9502

Attorneys for Plaintiff Oakley, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAKLEY, INC., a Washington corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>SPITFIRE PROFESSIONAL BAT LIMITED LIABILITY COMPANY d/b/a SP2, a New Jersey company,<br><br>                    Defendant. | Civil Action No.<br><br>**'15CV0300 LAB JMA**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, TRADEMARK DILUTION, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff Oakley, Inc. ("Oakley") hereby complains of Spitfire Professional Bat Limited Liability Company d/b/a SP2 ("Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has original subject matter jurisdiction over the claims in this action that relate to patent infringement, trademark infringement, false designation of origin, trademark dilution, and federal unfair competition pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1114, 1116(a), 1121(a), and 1125(a), as these claims arise under the laws of the United States. The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.     This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district including by selling and offering for sale infringing products in this judicial district, and by committing acts of patent and trademark infringement in this judicial district, including but not limited to selling infringing eyewear directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in California and this district, which acts form a substantial part of the events or omissions giving rise to Oakley's claim.

3.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

/ / /

/ / /

/ / /

-1-                         COMPLAINT

**THE PARTIES**

4.      Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

5.      Oakley is informed and believes, and thereon alleges, that Defendant Spitfire Professional Bat Limited Liability Company d/b/a SP2 is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business at 113 Gaynor Place, Glen Rock, New Jersey 07452.

6.      Oakley is informed and believes, and thereon alleges, that Defendant has committed the acts alleged herein within this judicial district.

**GENERAL ALLEGATIONS**

7.      Oakley has been actively engaged in the manufacture and sale of high quality eyewear since at least 1985.  Oakley is the manufacturer and retailer of several lines of eyewear that have enjoyed substantial success and are protected by various intellectual property rights owned by Oakley.

8.      On May 20, 2008, the United States Patent and Trademark Office ("U.S.P.T.O.") duly and lawfully issued United States Design Patent No. D569,412 ("D412 Patent"), titled "EYEGLASS AND EYEGLASS COMPONENTS."  Oakley is the owner by assignment of all right, title, and interest in the D412 Patent.  A true and correct copy of the D412 Patent is attached hereto as Exhibit A.

9.      On November 25, 2008, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D581,443 ("D443 Patent"), titled "EYEGLASSES COMPONENTS."  Oakley is the owner by assignment of all right, title, and interest in the D443 Patent.  A true and correct copy of the D443 Patent is attached hereto as Exhibit B.

/ / /

COMPLAINT

10.     On November 25, 2008, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D581,444 ("D444 Patent"), titled "EYEGLASS COMPONENTS."   Oakley is the owner by assignment of all right, title, and interest in the D444 Patent.   A true and correct copy of the D444 Patent is attached hereto as Exhibit C.

11.     Oakley has provided the public with constructive notice of its patent rights pursuant to 35 U.S.C. §287.   On or about January 5, 2015, Oakley sent Defendant a letter requesting that Defendant cease any further infringement of the D412 Patent, the D443 Patent, the D444 Patent, and the Oakley Marks. Defendant never responded.

12.     Defendant manufactures, uses, sells, offers for sale, and/or imports into the United States eyewear that infringes Oakley's intellectual property rights, including the D412 Patent, D443 Patent, and D444 Patent ("Asserted Patents").

13.     In order to protect Oakley's investment in the development of its proprietary technology, Oakley has obtained numerous trademark registrations, including Trademark Registration Nos. 1,984,501, 2,146,295, and 3,331,124 ("Oakley Marks").

14.     Oakley is the owner of Trademark Registration No. 1,984,501. Trademark Registration No. 1,984,501 was registered with the U.S.P.T.O. on July 2, 1996 on the Principal Register.   Trademark Registration No. 1,984,501 is associated with the following goods: protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories.   A true and correct copy of the certificate of registration of Trademark Registration No. 1,984,501 is attached hereto as Exhibit D.

/ / /

COMPLAINT

15.    Oakley is the owner of Trademark Registration No. 2,146,295. Trademark Registration No. 2,146,295 was registered with the U.S.P.T.O. on March 24, 1998 on the Principal Register.   Trademark Registration No. 2,146,295 is associated with the following goods: protective and/or anti-glare eyewear, namely, sunglasses, goggles, spectacles and their parts and accessories, namely, replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories.   A true and correct copy of the certificate of registration of Trademark Registration No. 2,146,295 is attached hereto as Exhibit E.

16.    Oakley is the owner of Trademark Registration No. 3,331,124. Trademark Registration No. 3,331,124 was registered with the U.S.P.T.O. on November 6, 2007 on the Principal Register.   Trademark Registration No. 3,331,124 is associated with the following goods: protective eyewear, namely spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories; and protective clothing, namely, racing pants.   A true and correct copy of the certificate of registration of Trademark Registration No. 3,331,124 is attached hereto as Exhibit F.

17.    Without permission or consent from Oakley, Defendant is offering for sale, distributing, marketing, and/or selling eyewear bearing marks that are confusingly similar to the Oakley Marks.

18.    Defendant did not begin using its infringing mark in connection with eyewear until long after Oakley began using the Oakley Marks.

19.    Oakley is informed and believes, and on that basis alleges, that Defendant's unauthorized use of its infringing mark is intended to trade upon

/ / /

the goodwill and substantial recognition associated with Oakley and the Oakley Marks.

20.    Oakley is informed and believes, and on that basis alleges, that Defendant is using its infringing mark in an attempt to associate its eyewear products with Oakley and the Oakley Marks, to cause mistake or deception as to the source of Defendant's eyewear products, and/or to otherwise trade upon Oakley's valuable reputation and customer goodwill in its marks.

21.    Oakley is informed and believes, and on that basis alleges, that Defendant's use of its infringing mark is designed to cause confusion, mistake, or deception.

22.    By virtue of the acts complained of herein, Defendant has created a likelihood of injury to Oakley's business reputation, caused a strong likelihood of consumer confusion, mistake, and deception as to the source of or origin or relationship of Oakley's and Defendant's goods, has caused actual confusion, and has otherwise competed unfairly with Oakley by unlawfully trading on and using the Oakley Marks without Oakley's permission or consent.

23.    Oakley is informed and believes, and on that basis alleges, that Defendant's acts complained of herein are willful and deliberate.

24.    Defendant's acts complained of herein have caused Oakley to suffer irreparable injury to its business.  Oakley will suffer substantial loss of goodwill and reputation unless and until Defendant is preliminarily and permanently enjoined from its wrongful actions complained of herein.

### **FIRST CLAIM FOR RELIEF**

(Patent Infringement)
(35 U.S.C. § 271)

25.    Oakley repeats and re-alleges the allegations of paragraphs 1–24 of this Complaint as if set forth fully herein.

/ / /

26. This is a claim for patent infringement under 35 U.S.C. § 271.

27. Defendant, through its agents, employees, and servants, has, and continues to, knowingly, intentionally, and willfully directly infringe, engage in acts of contributory infringement, and/or induce the infringement of the D412 Patent by directly and/or indirectly making, using, selling, offering for sale, and/or importing eyewear having a design that is covered by the claim of the D412 Patent, including for example, Defendant's *SP2 Sunglasses*.

28. Defendant's acts of infringement of the D412 Patent were undertaken without permission or license from Oakley. Defendant had actual and/or constructive knowledge of the D412 Patent, and its actions constitute willful and intentional infringement of the D412 Patent. Defendant infringed the D412 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D412 Patent. Defendant's acts of infringement of the D412 Patent were not consistent with the standards of commerce for its industry.

29. Defendant, through its agents, employees, and servants, has, and continues to, knowingly, intentionally, and willfully directly infringe, engage in acts of contributory infringement, and/or induce the infringement of the D443 Patent by directly and/or indirectly making, using, selling, offering for sale, and/or importing eyewear having a design that is covered by the claim of the D443 Patent, including for example, Defendant's *SP2 Sunglasses*.

30. Defendant's acts of infringement of the D443 Patent were undertaken without permission or license from Oakley. Defendant had actual and/or constructive knowledge of the D443 Patent, and its actions constitute willful and intentional infringement of the D443 Patent. Defendant infringed the D443 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions

constituted infringement of the D443 Patent. Defendant's acts of infringement of the D443 Patent were not consistent with the standards of commerce for its industry.

31. Defendant, through its agents, employees, and servants, has, and continues to, knowingly, intentionally, and willfully directly infringe, engage in acts of contributory infringement, and/or induce the infringement of the D444 Patent by directly and/or indirectly making, using, selling, offering for sale, and/or importing eyewear having a design that is covered by the claim of the D444 Patent, including for example, Defendant's *SP2 Sunglasses*.

32. Defendant's acts of infringement of the D444 Patent were undertaken without permission or license from Oakley. Defendant had actual and/or constructive knowledge of the D444 Patent, and its actions constitute willful and intentional infringement of the D444 Patent. Defendant infringed the D444 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D444 Patent. Defendant's acts of infringement of the D444 Patent were not consistent with the standards of commerce for its industry.

33. As a direct and proximate result of Defendant's patent infringement, Defendant has derived and received gains, profits, and advantages in an amount not presently known to Oakley.

34. Pursuant to 35 U.S.C. § 284, Oakley is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

35. Pursuant to 35 U.S.C. § 289, Oakley is entitled to Defendant's total profits from the sale of eyewear that infringe Oakley's patent rights.

36. Pursuant to 35 U.S.C. § 285, Oakley is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

37.     Due to the aforesaid infringing acts, Oakley has suffered great and irreparable injury, for which Oakley has no adequate remedy at law.

38.     Defendant will continue to directly and/or indirectly infringe Oakley's patent rights to the great and irreparable injury of Oakley, unless enjoined by this Court.

## SECOND CLAIM FOR RELIEF

(Federal Trademark Infringement)
(15 U.S.C. § 1114)

39.     Oakley repeats and re-alleges the allegations of paragraphs 1–38 of this Complaint as if set forth fully herein.

40.     This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

41.     Oakley is informed and believes, and thereon alleges, that Defendant is involved in the manufacture, sale, offer for sale, distribution, import, and/or export of sunglasses that bear marks that are confusingly similar to the Oakley Marks without Oakley's consent.

42.     Oakley is informed and believes, and thereon alleges, that long after Oakley's adoption and use of each of the Oakley Marks, after the federal registration of each of the Oakley Marks, and after each of the Oakley Marks had become famous, Defendant has affixed and used marks that are confusingly similar to the Oakley Marks without Oakley's consent in a manner that infringes upon Oakley's rights in the Oakley Marks in violation of 15 U.S.C. § 1114.

43.     Without Oakley's consent, Defendant uses in commerce marks that are confusingly similar to the Oakley Marks in connection with the sale, offering for sale, distribution, or advertising of goods in a manner which is likely to cause confusion, or to cause mistake, or to deceive.

44.     Oakley is informed and believes, and thereon alleges, that Defendant did so with the intent to unfairly compete with Oakley, to trade upon

Oakley's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendant's products are associated with, sponsored by, originate from, or are approved by Oakley, when they are not.

45. Defendant's activities constitute willful and intentional infringement of the Oakley Marks in total disregard of Oakley's proprietary rights, and were done despite Defendant's knowledge that the use of the Oakley Marks was and is in direct contravention of Oakley's rights.

46. Oakley is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from the use of the Oakley Marks in an amount that is not presently known to Oakley.  By reason of Defendant's actions, constituting unauthorized use of the Oakley Marks, Oakley has been damaged and is entitled to monetary relief in an amount to be determined at trial.

47. Due to Defendant's actions, constituting unauthorized use of the Oakley Marks, Oakley has suffered and continues to suffer great and irreparable injury, for which Oakley has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

(Federal Unfair Competition & False Designation of Origin)
(15 U.S.C. § 1125(a))

48. Oakley repeats and re-alleges the allegations of paragraphs 1–47 of this Complaint as if set forth fully herein.

49. This is a claim for unfair competition and false designation of origin arising under 15 U.S.C. § 1125(a).

50. Defendant's use of the Oakley Marks without Oakley's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association

of Defendant with Oakley, or as to the origin, sponsorship, or approval of Defendant's goods and/or commercial activities by Oakley in violation of 15 U.S.C. § 1125(a).

51.   Defendant's use of the Oakley Marks without Oakley's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's goods and/or commercial activities in violation of 15 U.S.C. § 1125(a).

52.   Such conduct by Defendant is likely to confuse, mislead, and deceive Defendant's customers, purchasers, and members of the public as to the origin of the Oakley Marks or cause said persons to believe that Defendant and/or its products have been sponsored, approved, authorized, or licensed by Oakley or are in some way affiliated or connected with Oakley, all in violation of 15 U.S.C. § 1125(a).

53.   Oakley is informed and believes, and thereon alleges, that Defendant's actions were undertaken willfully with full knowledge of the falsity of such designation of origin and false descriptions or representations.

54.   Oakley is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's false designation of origin, false or misleading statements, descriptions of fact, or false or misleading representations of fact in an amount that is not presently known to Oakley.  By reason of Defendant's actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, or false or misleading representations of fact, Oakley has been damaged and is entitled to monetary relief in an amount to be determined at trial.

/ / /

55.     Due to Defendant's actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, or false or misleading representations of fact, Oakley has suffered and continues to suffer great and irreparable injury, for which Oakley has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**

(Federal Trademark Dilution)
(15 U.S.C. § 1125(c))

56.     Oakley repeats and re-alleges the allegations of paragraphs 1–55 of this Complaint as if set forth fully herein.

57.     This is a claim for trademark dilution under 15 U.S.C. § 1125(c).

58.     The products sold by Oakley under the Oakley Marks have been widely advertised, promoted, and distributed to the purchasing public throughout the United States and the world.

59.     Products sold under the Oakley Marks, by reason of their style and design and quality of workmanship, have come to be known to the purchasing public throughout the United States as representing products of high quality, which are sold under good merchandising and customer service conditions.  As a result, the Oakley Marks, and the goodwill associated therewith, are of great value to Oakley.

60.     By virtue of the wide renown acquired by the Oakley Marks, coupled with the national and international distribution and extensive sale of various products distributed under this trademark, each of the Oakley Marks has become famous.

61.     Oakley is informed and believes, and thereon alleges, that Defendant's actions were done willfully with intent to exploit Oakley's reputation and dilute the Oakley Marks.

/ / /

/ / /

-11-                                              COMPLAINT

62.   By reason of the aforesaid acts constituting trademark dilution, Oakley has been damaged and is entitled to monetary relief in an amount to be determined at trial.

63.   Due to Defendant's actions, constituting trademark dilution, Oakley has suffered and continues to suffer great and irreparable injury, for which Oakley has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

### (California Common Law Trademark Infringement)

64.   Oakley repeats and re-alleges the allegations of paragraphs 1–63 of this Complaint as if set forth fully herein.

65.   This is a claim for trademark infringement, arising under California common law.

66.   Defendant's acts complained of herein constitute trademark infringement under California common law.  Defendant's acts complained of herein are willful and deliberate and committed with knowledge that Defendant's unauthorized use of the Oakley Marks causes a likelihood of confusion.

67.   Oakley is informed and believes, and thereon alleges, that Defendant has derived and received and will continue to derive and receive, gains, profits, and advantages from Defendant's trademark infringement in an amount that is not presently known to Oakley.  By reason of Defendant's wrongful acts as alleged in this Complaint, Oakley has been damaged and is entitled to monetary relief in an amount to be determined at trial.

68.   Due to Defendant's trademark infringement, Oakley has suffered and continues to suffer great and irreparable injury for which Oakley has no adequate remedy at law.

/ / /

/ / /

-12-                                                        COMPLAINT

69.    Defendant's willful acts of trademark infringement under California common law constitute fraud, oppression, and malice.  Accordingly, Oakley is entitled to exemplary damages.

### SIXTH CLAIM FOR RELIEF

(California Unfair Competition)

70.    Oakley repeats and re-alleges the allegations of paragraphs 1–69 of this Complaint as if set forth fully herein.

71.    This is a claim for unfair competition, arising under California Business & Professions Code § 17200, *et seq.* and California common law.

72.    Defendant's acts of trademark infringement, false designation of origin, and trademark dilution complained of herein constitute unfair competition with Oakley under the common law and statutory laws of the State of California, particularly California Business & Professions Code § 17200 *et seq.*

73.    Oakley is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's unfair competition in an amount that is not presently known to Oakley.  By reason of Defendant's wrongful acts as alleged in this Complaint, Oakley has been damaged and is entitled to monetary relief in an amount to be determined at trial.

74.    By its actions, Defendant has injured and violated the rights of Oakley and has irreparably injured Oakley, and such irreparable injury will continue unless Defendant is enjoined by this Court.

**WHEREFORE**, Oakley prays for judgment in its favor against Defendant for the following relief:

A.    An Order adjudging Defendant to have willfully infringed the D412 Patent, D443 Patent, and D444 Patent under 35 U.S.C. § 271;

/ / /

B.     A preliminary and permanent injunction enjoining Defendant, its respective officers, directors, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant, from directly or indirectly infringing the D412 Patent, D443 Patent, and D444 Patent in violation of 35 U.S.C. § 271;

C.     That Defendant account for all gains, profits, and advantages derived by Defendant's infringement of the D412 Patent, D443 Patent, and D444 Patent in violation of 35 U.S.C. § 271, and that Defendant pay to Oakley all damages suffered by Oakley and/or Defendant's total profit from such infringement pursuant to 35 U.S.C. § 289;

D.     That the Court find for Oakley and against Defendant on Oakley's claims of trademark infringement, false designation of origin, trademark dilution, and federal unfair competition;

E.     That Defendant be adjudged to have competed unfairly with Oakley under the common law of the State of California;

F.     That Defendant be adjudged to have competed unfairly with Oakley under California Business & Professional Code § 17200, and that Defendant's actions in so doing be adjudged willful and done knowingly;

G.     A preliminary and permanent injunction against Defendant, its officers, agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendant, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

> 1. using any of the Oakley Marks, or any other mark, symbol, or logo that is confusingly similar to any of the Oakley Marks on or in connection with any goods, including but not limited to, eyewear and replacement parts;

2.  falsely designating the origin of Defendant's goods;

3.  unfairly competing with Oakley in any manner whatsoever;

4.  making false or misleading statements, descriptions of fact, or false or misleading representations of fact;

5.  causing a likelihood of confusion or injuries to Oakley's business reputation; and

6.  manufacturing, using, displaying, distributing, or selling any goods that infringe any of the Oakley Marks;

H.    That an accounting be ordered to determine Defendant's profits resulting from its infringement, unfair competition, dilution, and false designation of origin, and that Oakley be awarded monetary relief in an amount to be fixed by the Court in its discretion as it finds just as an equitable remedy, including:

1.  all profits received by Defendant from sales and revenues of any kind made as a result of its infringing actions, said amount to be trebled;

2.  all damages sustained by Oakley as a result of Defendant's acts of infringement, unfair competition, false designation of origin, and dilution, and that such damages be trebled; and

3.  punitive damages stemming from Defendant's willful, intentional, and malicious acts;

I.    That such damages and profits be trebled and awarded to Oakley pursuant to 15 U.S.C. § 1117;

J.    An Order adjudging that this is an exceptional case;

K.    That, because of the exceptional nature of this case resulting from Defendant's deliberate infringing actions, this Court award to Oakley all reasonable attorneys' fees, costs, and disbursements incurred as a result of this action, pursuant to 15 U.S.C. § 1117;

-15-                          COMPLAINT

1    L.    That Oakley recover exemplary damages pursuant to California

2  Civil Code § 3294;

3    M.    An Order for a trebling of damages and/or exemplary damages

4  because of Defendant's willful conduct pursuant to 35 U.S.C. § 284;

5    N.    An award to Oakley of the attorney fees, expenses, and costs

6  incurred by Oakley in connection with this action pursuant to 35 U.S.C. § 285;

7    O.    An award of pre-judgment and post-judgment interest and costs of

8  this action against Defendant; and,

9    P.    Such other and further relief as this Court may deem just and

10  proper.

11                             Respectfully submitted,

12                             KNOBBE, MARTENS, OLSON & BEAR, LLP

13

14  Dated: February 12, 2015    By: */s/ Ali S. Razai*

15                                  Michael K. Friedland
                                    Ali S. Razai
16                                  Kent N. Shum
                                    Samantha Y. Hsu

17                             Attorneys for Plaintiff Oakley, Inc.

18

19

20

21

22

23

24

25

26

27

28

                              -16-                    COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiff Oakley, Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: February 12, 2015    By: /s/ Ali S. Razai

Michael K. Friedland
Ali S. Razai
Kent N. Shum
Samantha Y. Hsu

Attorneys for Plaintiff Oakley, Inc.

19871226

COMPLAINT

# **TABLE OF EXHIBITS**

**Page #**

Exhibit A...........................................................................................1

Exhibit B .........................................................................................6

Exhibit C .........................................................................................10

Exhibit D.........................................................................................15

Exhibit E .........................................................................................16

Exhibit F .........................................................................................17

# EXHIBIT A

US00D569412S

(12) **United States Design Patent**    (10) Patent No.:        **US D569,412 S**
Jannard et al.                          (45) Date of Patent:   ** **May 20, 2008**

(54) **EYEGLASS AND EYEGLASS COMPONENTS**

(75) Inventors: **James H. Jannard**, Spieden Island, WA
(US); **Lek Thixton**, Orcas, WA (US);
**Colin Baden**, Irvine, CA (US); **Peter
Yee**, Irvine, CA (US)

(73) Assignee: **Oakley, Inc.**, Foothill Ranch, CA (US)

(**) Term:        **14 Years**

(21) Appl. No.: **29/266,547**

(22) Filed:    **Sep. 22, 2006**

(51) LOC (8) Cl.  ................................................ **16-06**
(52) U.S. Cl.  ..................................... **D16/314**; D16/321
(58) **Field of Classification Search** ............... D16/101,
D16/300–342; D29/109–110; D24/110.2;
351/41, 44, 51–52, 62, 158, 92, 103–123,
351/140, 153;  2/426–432, 447–449, 441,
2/434–437; D21/483, 659–661
See application file for complete search history.

(56)            **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D150,924 | S | 9/1948 | Blight |
| D176,316 | S | 12/1955 | Fleming |
| D178,178 | S | 7/1956 | Fleming |
| D293,450 | S | 12/1987 | Jannard |
| D323,333 | S | 1/1992 | Jannard et al. |
| D324,394 | S | 3/1992 | Jannard |
| D329,442 | S | 9/1992 | Jannard |
| D330,035 | S | 10/1992 | Jannard |
| D331,587 | S | 12/1992 | Jannard et al. |
| 5,249,001 | A | 9/1993 | Jannard |
| D344,742 | S | 3/1994 | Jannard |
| D354,501 | S | 1/1995 | Jannard |

| | | | | |
|---|---|---|---|---|
| 5,610,668 | A | | 3/1997 | Mage |
| D384,364 | S | | 9/1997 | Yee |
| 5,760,868 | A | | 6/1998 | Jannard et al. |
| D399,519 | S | | 10/1998 | Yee |
| D399,866 | S | | 10/1998 | Yee |
| D401,607 | S | | 11/1998 | Miniutti |
| D410,484 | S | | 6/1999 | Jannard et al. |
| 6,233,342 | B1 | | 5/2001 | Fernandez |
| D447,162 | S | * | 8/2001 | Jannard et al. ............ D16/326 |
| D458,624 | S | | 6/2002 | Soper |
| D473,892 | S | | 4/2003 | Thixton et al. |
| D508,515 | S | * | 8/2005 | Yee et al. .................. D16/335 |
| D513,761 | S | * | 1/2006 | Yee et al. .................. D16/321 |
| D533,889 | S | * | 12/2006 | Saderholm et al. ........ D16/314 |
| D545,868 | S | * | 7/2007 | Chuang ..................... D16/314 |

* cited by examiner

*Primary Examiner*—Raphael Barkai
(74) *Attorney, Agent, or Firm*—Gregory K. Nelson

(57)            **CLAIM**

The ornamental design for eyeglass and eyeglass components, as shown and described.

**DESCRIPTION**

FIG. **1** is a front perspective view of the eyeglass and the eyeglass components of the present invention;

FIG. **2** is a front elevational view thereof;

FIG. **3** is a rear elevational view thereof;

FIG. **4** is a left-side elevational view thereof, the right-side elevational view being a mirror image thereof;

FIG. **5** is a top plan view thereof; and,

FIG. **6** is a bottom plan view thereof.

**1 Claim, 4 Drawing Sheets**



**EXHIBIT A**
**Page 1**



## FIG. 1



*FIG. 2*



*FIG. 3*



*FIG. 4*



*FIG. 5*



*FIG. 6*

# EXHIBIT B

US00D581443S

(12) **United States Design Patent**     (10) **Patent No.:**     **US D581,443 S**

Jannard et al.                            (45) **Date of Patent:**   ** **Nov. 25, 2008**

(54) **EYEGLASSES COMPONENTS**

(75) Inventors: **James H. Jannard**, Spieden Island, WA (US); **Lek Thixton**, Orcas, WA (US); **Colin Baden**, Irvine, CA (US); **Peter Yee**, Irvine, CA (US)

(73) Assignee: **Oakley, Inc.**, Foothill Ranch, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/301,902**

(22) Filed: **Mar. 21, 2008**

**Related U.S. Application Data**

(62) Division of application No. 29/266,547, filed on Sep. 22, 2006, now Pat. No. Des. 569,412.

(51) **LOC (8) Cl.** .................................. **16-06**
(52) **U.S. Cl.** .................................... **D16/314**
(58) **Field of Classification Search** ............... D16/101, D16/300–342; D29/109–110; D24/110.2; 351/41, 44, 51–52, 62, 158, 92, 103–123, 351/140, 153; 2/426–432, 447–449, 441, 2/434–437
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D150,924 S | 9/1948 | Blight | |
| D176,316 S | 12/1955 | Fleming | |
| D178,178 S | 7/1956 | Fleming | |
| D293,450 S | 12/1987 | Jannard | |
| D323,333 S | 1/1992 | Jannard et al. | |
| D324,394 S | 3/1992 | Jannard | |
| D329,442 S | 9/1992 | Jannard | |
| D330,035 S | 10/1992 | Jannard | |
| D331,587 S | 12/1992 | Jannard et al. | |
| 5,249,001 A | 9/1993 | Jannard | |
| D344,742 S | 3/1994 | Jannard | |
| D346,814 S  * | 5/1994 | Iida | D16/314 |
| D354,501 S | 1/1995 | Jannard | |

| | | | |
|---|---|---|---|
| 5,610,668 A | 3/1997 | Mage | |
| D384,364 S | 9/1997 | Yee | |
| 5,760,868 A | 6/1998 | Jannard et al. | |
| D399,519 S | 10/1998 | Yee | |
| D399,866 S | 10/1998 | Yee | |
| D401,607 S | 11/1998 | Miniutti | |
| D410,484 S | 6/1999 | Jannard et al. | |
| 6,233,342 B1 | 5/2001 | Fernandez | |
| D452,522 S  * | 12/2001 | Chiou | D16/330 |
| D458,624 S | 6/2002 | Soper | |
| D473,892 S | 4/2003 | Thixton et al. | |
| D529,066 S  * | 9/2006 | Matera | D16/315 |

OTHER PUBLICATIONS

U.S. Appl. No. 29/266,547, filed Sep. 22, 2006.
U.S. Appl. No. 29/288,604, filed Jun. 15, 2007.
U.S. Appl. No. 29/288,605, filed Jun. 15, 2007.
U.S. Appl. No. 29/288,606, filed Jun. 15, 2007.

* cited by examiner

*Primary Examiner*—Raphael Barkai
(74) *Attorney, Agent, or Firm*—Gregory K. Nelson

(57) **CLAIM**

The ornamental design for eyeglass components, as shown and described.

**DESCRIPTION**

FIG. **1** is a front perspective view of the eyeglass components of the present invention;

FIG. **2** is a front elevational view thereof;

FIG. **3** is a rear elevational view thereof;

FIG. **4** is a left-side elevational view thereof, the right-side elevational view being a mirror image thereof;

FIG. **5** is a top elevational view thereof; and,

FIG. **6** is a bottom plan view thereof.

Phantom lining, where utilized, is for illustrative purposes only and is not intended to limit the claimed design to the features shown in phantom.

**1 Claim, 3 Drawing Sheets**



**EXHIBIT B**
**Page 6**



# FIG. 1



*FIG. 2*



*FIG. 3*



*FIG. 4*



# FIG. 5



# FIG. 6

# EXHIBIT C

US00D581444S

(12) **United States Design Patent**     (10) **Patent No.:**      **US D581,444 S**
Jannard et al.                           (45) **Date of Patent:**  ** **Nov. 25, 2008**

(54) **EYEGLASS COMPONENTS**

(75) Inventors: **James H. Jannard**, Spieden Island, WA (US); **Lek Thixton**, Orcas, WA (US); **Colin Baden**, Irvine, CA (US); **Peter Yee**, Irvine, CA (US)

(73) Assignee: **Oakley, Inc.**, Foothill Ranch, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/301,914**

(22) Filed: **Mar. 21, 2008**

**Related U.S. Application Data**

(62) Division of application No. 29/266,547, filed on Sep. 22, 2006, now Pat. No. Des. 569,412.

(51) **LOC (8) Cl.** .............................................. **16-06**
(52) **U.S. Cl.** ..................... **D16/314**; D16/321; D16/335
(58) **Field of Classification Search** ............... D16/101, D16/300–342; D29/109–110; D24/110.2; 351/41, 44, 51–52, 62, 158, 92, 103–123, 351/140, 153; 2/426–432, 447–449, 441, 2/434–437
See application file for complete search history.

(56)                **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D150,924 S | 9/1948 | Blight |
| D176,316 S | 12/1955 | Fleming |
| D178,178 S | 7/1956 | Fleming |
| D293,450 S | 12/1987 | Jannard |
| D323,333 S | 1/1992 | Jannard et al. |
| D324,394 S | 3/1992 | Jannard |
| D329,442 S | 9/1992 | Jannard |
| D330,035 S | 10/1992 | Jannard |
| D331,587 S | 12/1992 | Jannard et al. |
| 5,249,001 A | 9/1993 | Jannard |
| D344,742 S | 3/1994 | Jannard |
| D354,501 S | 1/1995 | Jannard |
| 5,610,668 A | 3/1997 | Mage |
| D384,364 S | 9/1997 | Yee |
| 5,760,868 A | 6/1998 | Jannard et al. |
| D399,519 S | 10/1998 | Yee |
| D399,866 S | 10/1998 | Yee |
| D401,607 S | 11/1998 | Miniutti |
| D410,484 S | 6/1999 | Jannard et al. |
| 6,233,342 B1 | 5/2001 | Fernandez |
| D458,624 S | 6/2002 | Soper |
| D473,892 S | 4/2003 | Thixton et al. |
| D497,380 S | * 10/2004 | Thixton et al. .............. D16/326 |
| D508,515 S | * 8/2005 | Yee et al. ................... D16/335 |
| D513,761 S | * 1/2006 | Yee et al. ................... D16/335 |
| D529,066 S | * 9/2006 | Matera ...................... D16/315 |

OTHER PUBLICATIONS

U.S. Appl. No. 29/266,547, filed Sep. 22, 2006.
U.S. Appl. No. 29/288,604, filed Jun. 15, 2007.
U.S. Appl. No. 29/288,605, filed Jun. 15, 2007.
U.S. Appl. No. 29/288,606, filed Jun. 15, 2007.

* cited by examiner

*Primary Examiner*—Raphael Barkai
(74) *Attorney, Agent, or Firm*—Gregory K. Nelson

(57)                **CLAIM**

The ornamental design for eyeglass components, as shown and described.

**DESCRIPTION**

FIG. **1** is a front perspective view of the eyeglass components of the present invention;

FIG. **2** is a front elevational view thereof;

FIG. **3** is a lateral left-side elevational view thereof, the lateral right-side elevational view being a mirror image thereof;

FIG. **4** is a rear elevational view thereof;

FIG. **5** is a top elevational view thereof; and,

FIG. **6** is a bottom plan view thereof.

Phantom lining, where utilized, is for illustrative purposes only and is not intended to limit the claimed design to the features shown in phantom.

**1 Claim, 4 Drawing Sheets**



**EXHIBIT C**
**Page 10**

Case 3:15-cv-00300-LAB-JMA   Document 1   Filed 02/12/15   Page 33 of 42



## FIG. 1

**EXHIBIT C**
**Page 11**

Case 3:15-cv-00300-LAB-JMA   Document 1   Filed 02/12/15   Page 34 of 42

 

# *FIG. 2*



# *FIG. 3*

 

# *FIG. 4*

**EXHIBIT C**
**Page 12**

Case 3:15-cv-00300-LAB-JMA   Document 1   Filed 02/12/15   Page 35 of 42



*FIG. 5*

EXHIBIT C
Page 13

Case 3:15-cv-00300-LAB-JMA   Document 1   Filed 02/12/15   Page 36 of 42



*FIG. 6*

EXHIBIT C
Page 14

# EXHIBIT D

Int. Cls.: 9 and 25

Prior U.S. Cls.: 21, 22, 23, 26, 36, 38, and 39

Reg. No. 1,984,501

# United States Patent and Trademark Office

Registered July 2, 1996

## TRADEMARK
### PRINCIPAL REGISTER



OAKLEY, INC. (CALIFORNIA CORPORATION)
10 HOLLAND
IRVINE, CA 92718

FOR: PROTECTIVE AND/OR ANTI-GLARE EYEWEAR, NAMELY SUNGLASSES, GOGGLES, SPECTACLES AND THEIR PARTS AND ACCESSORIES, NAMELY REPLACEMENT LENSES, EARSTEMS, FRAMES, NOSE PIECES AND FOAM STRIPS; CASES SPECIALLY ADAPTED FOR PROTECTIVE AND/OR ANTI-GLARE EYEWEAR AND THEIR PARTS AND ACCESSORIES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 11–0–1993; IN COMMERCE 11–0–1993.

FOR: CLOTHING AND HEADWEAR, NAMELY T-SHIRTS, SWEATSHIRTS, JACKETS, HATS, AND CAPS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 11–0–1993; IN COMMERCE 11–0–1993.

SN 74–485,534, FILED 2–2–1994.

DAVID H. STINE, EXAMINING ATTORNEY

EXHIBIT D
Page 15

# EXHIBIT E

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

Reg. No. 2,146,295

## United States Patent and Trademark Office

Registered Mar. 24, 1998

## TRADEMARK
### PRINCIPAL REGISTER



OAKLEY, INC. (WASHINGTON CORPORATION)
ONE ICON
FOOTHILL RANCH, CA 92610

FOR: PROTECTIVE AND/OR ANTI-GLARE EYEWEAR, NAMELY, SUNGLASSES, GOGGLES, SPECTACLES AND THEIR PARTS AND ACCESSORIES, NAMELY, REPLACEMENT LENSES, EARSTEMS, FRAMES, NOSE PIECES AND FOAM STRIPS; CASES SPECIALLY ADAPTED FOR PROTECTIVE AND/OR ANTI-GLARE EYEWEAR AND THEIR PARTS AND ACCESSORIES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-0-1994; IN COMMERCE 12-0-1994.

OWNER OF U.S. REG. NOS. 1,904,181, 1,990,262 AND OTHERS.

THE MARK CONSISTS OF AN ELLIPSE. THE MATTER SHOWN BY THE DOTTED LINES ON THE DRAWING IS NOT PART OF THE MARK AND SERVES ONLY TO SHOW THE RELATIVE POSITION OF THE MARK ON THE GOODS.

SER. NO. 75-259,669, FILED 3-18-1997.

ESTHER BELENKER, EXAMINING ATTORNEY

# EXHIBIT F

Int. Cls.: 9 and 25

Prior U.S. Cls.: 21, 22, 23, 26, 36, 38, and 39

**United States Patent and Trademark Office**

Reg. No. 3,331,124

Registered Nov. 6, 2007

## TRADEMARK
### PRINCIPAL REGISTER



OAKLEY, INC. (WASHINGTON CORPORATION)
ONE ICON
FOOTHILL RANCH, CA 92610

FOR: PROTECTIVE EYEWEAR, NAMELY SPECTACLES, PRESCRIPTION EYEWEAR, ANTI GLARE GLASSES AND SUNGLASSES AND THEIR PARTS AND ACCESSORIES, NAMELY REPLACEMENT LENSES, FRAMES, EARSTEMS, AND NOSE PIECES; CASES SPECIALLY ADAPTED FOR SPECTACLES AND SUNGLASSES AND THEIR PARTS AND ACCESSORIES; AND PROTECTIVE CLOTHING, NAMELY, RACING PANTS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 1-1-2005; IN COMMERCE 1-1-2005.

FOR: CLOTHING, NAMELY, T-SHIRTS, BEACHWEAR, BLOUSES, SPORTS SHIRTS, JERSEYS, SWIMWEAR, SWIMTRUNKS, SHORTS, UNDERWEAR, SHIRTS, PANTS, SKI AND SNOWBOARD PANTS AND JACKETS, JEANS, VESTS, JACKETS, WETSUITS, SWEATERS, PULLOVERS, COATS, SWEATPANTS, HEADWEAR, NAMELY, HATS, CAPS, VISORS AND FOOTWEAR, NAMELY WETSUIT BOOTIES, SHOES, SANDALS, ATHLETIC FOOTWEAR, ALL PURPOSE SPORTS FOOTWEAR, THONGS AND BOOTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 1-1-2005; IN COMMERCE 1-1-2005.

SN 78-649,252, FILED 6-13-2005.

RAY THOMAS, EXAMINING ATTORNEY